

1835 Market Street, 17th Floor
Philadelphia, PA 19103
Tel: +1 (215) 569-8901
Fax: +1 (215) 569-8912
marks@mslegal.com
www.marks-sokolov.com

February 27, 2020

<u>Via ECF</u>
The Honorable Paul G. Gardephe
United States District Court for the Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

    Re:    *In re the Application of Public Joint-Stock Company ALROSA Request for Ex Parte Discovery Pursuant to 28 U.S.C. §1782.*
          <u>Case No. 19-mc-00184 (PGG)</u>

Dear Judge Gardephe:

    I am writing to submit a letter motion on behalf of Applicant Public Joint-Stock Company ALROSA ("ALROSA") for permission to serve additional subpoenas to obtain discovery for use in contemplated foreign proceedings under 28 U.S.C. §1782 pursuant to the August 5, 2019 Order (the "Discovery Order") based on information learned in initial discovery.[1]

## BACKGROUND

    On April 10, 2019, ALROSA filed an *Ex Parte* Application under 28 U.S.C. §1782, seeking permission to serve subpoenas *duces tecum* on financial institutions located in this District (the "New York Banks"[2]) for use in contemplated foreign proceedings in Angola or England. ECF1.

    In its Application, ALROSA, a Russian diamond-mining company which owns 32.8% of the shares of Catoca Ltd. ("CATOCA"), a diamond-mining company in Angola, stated that it

---

[1] In accord with the Discovery Order, ¶3, ALROSA served the Application (ECF1), Discovery Order (ECF10), and proposed Subpoenas containing "Exhibit A" Rider at Exhibit 1 (ECF1-1) on future defendant Sergey Amelin to his last known email address and post within 90 days after completion of the production by the New York Banks, *see* Return of Service (ECF11) and is contemporaneously serving this letter application on Mr. Amelin by email and post.

[2] The New York Banks are: Bank of America, N.A.; Bank of New York Mellon; Capital One, N.A.; Capital One Bank (USA), N.A.; Citibank, N.A.; Commerzbank, N.A.; Deutsche Bank; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase, N.A.; Wells Fargo, N.A.; PNC Bank, N.A; Standard Chartered Bank; Barclays Bank, PLC; BNP Paribas S.A.; and UBS A.G.



sought "wire and account information from the New York Banks regarding suspected sham transactions from CATOCA management to eight suspected shell companies ('the trading companies')." Application, ECF1 at 4. ALROSA's Application met §1782's statutory requirements to obtain discovery because (1) the information sought is located in this District; (2) the applicant is an interested party; and (3) foreign proceedings are within reasonable contemplation. Application, ECF1 at 1; Memo of Law, ECF2 at 1 (*citing* 28 U.S.C. §1782(a)). In addition, the discretionary factors set forth in *Intel Corp. v. Adv. Micro Devices, Inc.,* 542 U.S. 241 (2004) strongly favored granting the discovery. Application, ECF1 at 1-2; Memo of Law, ECF2 at 2 (*citing Intel*, 542 U.S. at 264-65).

On August 5, 2019, the Court granted ALROSA's *Ex Parte* Section 1782 Application ("Order"). ECF10. The Order authorized ALROSA to serve subpoenas on the New York Banks related to "[a]ll wire-transfer, deposit or withdrawal records and/or cancelled checks involving Sergey Amelin of $10,000 or more from February 2015 to December 2018; all wire-transfer, deposit or withdrawal records and/or cancelled checks involving the trading companies listed below[3] of $10,000 or more from February 2015 to December 2018; and all wire-transfer, deposit or withdrawal records and/or cancelled checks involving Catoca, Ltd. of Sociedade de Mineira de Catoca, Ltd. of more than $100,000 from February 2015 to December 2018." ECF10. The Order also permitted ALROSA "to delay serving the subpoenas on Sergey Amelin until 90 days after production of documents by the New York Banks." Order, ECF10 at 2.

Documents received in response to the subpoenas revealed additional suspicious payments in excess of ***$9.5 million*** from CATOCA to suspected shell companies, MD Traders Ltd., a BVI company, and Underwater Manpower Society Ltd., a Bahamas company.[4] In turn, MD Traders Ltd. paid about $500,000 to Sergey Amelin and two other CATOCA officers, David Mishal and Yuri Neumin. MD Traders Ltd. also paid over $500,000 to MD America Trading, Inc. – a Florida registered entity listed at MD Traders' website. These payments are suspicious because MD Traders Ltd. and Underwater Manpower Society Ltd. are suspected shell companies with no known business operations in the mining field. Further, there appears to be no reason that MD Traders, Ltd. would pay funds to CATOCA officers other than kickbacks. Discovery revealed MD Traders, Ltd., and Underwater Manpower Society, Ltd. maintain bank accounts at Safra National Bank of New York ("Safra Bank"), which has an office at 546 Fifth Avenue, New York, NY 10036.

---

[3] The trading companies are: Business Consolidated Limited (BCL); AZK Engineering Ltd.; Sanori Ltd.; BMH Business Ltd.; MD Traders Ltd.; Amenda Holding, L.P.; Underwater Manpower Society, Ltd; and US Interlot, Inc.

[4] Research reveals that MD Traders Ltd. and Underwater Manpower Society Ltd. have the same director and a mailbox "office" in Florida. MD Traders' website (http://md-traders.com/) provides no real information about the business, Underwater Manpower Society Ltd. does not have a website at all, evidencing they are sham companies.



## ARGUMENT

ALROSA moves for permission to serve subpoenas on Safra Bank and M.Y. Safra Bank ("M.Y. Safra"), which has an office at 499 Park Avenue, New York, NY 10022 (collectively, the "Safra Banks") to obtain records related to MD Traders Ltd., MD America Trading, Inc. and Underwater Manpower Society Ltd., and to serve supplemental subpoenas on the New York Banks to obtain records related to David Mishal, Yuri Neumin and MD America Trading, Inc. These records are highly relevant to bringing claims against Amelin and others involved in the false contract/kickback scheme.

A §1782 applicant's motion to serve additional discovery is treated "in substance as an amendment or supplement to the original Section 1782 application, just as a plaintiff seeking relief in an ordinary civil action may amend or supplement the complaint." *In re Chevron Corp.*, 736 F.Supp.2d 773, 780 (S.D.N.Y. 2010) (rejecting argument that separate §1782 application was required to obtain additional discovery). *See also In re Aso*, 2019 U.S. Dist. LEXIS120873, *1 (S.D.N.Y. July 19, 2019) (granting letter application seeking discovery from additional entities "as a supplement to her original application" under §1782).

Like its original Application, ALROSA's letter motion satisfies §1782's statutory requirements, and the *Intel* discretionary factors strongly favor granting permission to serve additional subpoenas. *See Aso*, 2019 U.S. Dist. LEXIS120873, at *1 ("[G]iven that the only pertinent change between Petitioner's original and supplemental §1782 applications are the entities from whom discovery is sought, only the first statutory prerequisite ('the person from whom discovery is sought resides or is found within the district') and the first and fourth *Intel* factors ('whether the person from whom the discovery is sought is a participant in a foreign proceeding' and 'whether the §1782 application contains unduly intrusive or burdensome discovery requests') must be reconsidered.").

***First,*** ALROSA satisfies §1782's statutory requirements: (1) the New York Banks and the Safra Banks are all "found" in this district because their offices are here; (2) ALROSA is an "interested person" because it has standing to bring a shareholder-derivative action in Angola or, in the alternative, the United Kingdom; and (3) foreign proceedings are within "reasonable contemplation" because ALROSA intends to bring a shareholder-derivative action in Angola or the UK to seek damages related to the suspected fraudulent transfers once the discovery is completed. *See* Application, ECF1, Memo of Law, ECF 2 and Order, ECF10.

***Second,*** the *Intel* discretionary factors strongly support granting this letter motion because: (1) neither the New York Banks nor the Safra Banks will be parties to the contemplated foreign proceedings and are not within the jurisdiction of Angolan (or UK) courts, which strongly weighs in favor of granting the application; (2) the character and nature of the contemplated proceedings in Angola (or the UK) are consistent with the relief sought here and Angolan (or UK) courts will be receptive to judicial assistance from the United States; (3) this application does not seek to



circumvent the policy of the United States or Angola (or the UK) because (a) it is consistent with U.S. policy favoring discovery to uncover fraud, and (b) it is consistent with Angolan (and UK) policy to obtain discovery outside of Angola (or UK) for use in Angolan (or UK) proceedings; (4) the document discovery is not unduly burdensome on the New York Banks or the Safra Banks because (a) it is limited in time and scope, (b) the documents are in the possession and/or custody of the New York Banks and the Safra Banks, (c) the New York Banks and the Safra Banks have the clerical infrastructure to process the proposed discovery requests, and (d) the requested documents may be highly probative because they could establish that the transactions at issue were shams and disclose the persons responsible for this misconduct. *See* Application, ECF1, Memo of Law, ECF 2 and Order, ECF10.

## **CONCLUSION**

For these reasons, and those set forth in ALROSA's Application (ECF1) and Memorandum of Law (ECF2), ALROSA respectfully seeks the proposed Order attached as Exhibit A permitting it to serve the proposed subpoenas attached as Exhibit B, as follows: (1) a subpoena on the Safra Banks to obtain account records of MD Traders Ltd., MD America Trading, Inc. and Underwater Manpower Society Ltd., including account-opening forms and all transactions, and (2) subpoenas on the New York Banks to obtain records of transactions involving MD America Trading, Inc., David Mishal and Yuri Neumin, two other officers of CATOCA who received money from MD Traders Ltd. The proposed Order also directs the Safra Banks and the New York Banks to produce the documents requested in the respective subpoenas within twenty-one days of service of the subpoena in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

                              Sincerely,
                              */s/ Bruce S. Marks*
For:    Marks & Sokolov LLC

Exhibits